People v Session

2026 NY Slip Op 02749

May 1, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

v

KYLE SESSION, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on May 1, 2026

199 KA 24-01666

Present: Lindley, J.P., Bannister, Greenwood, Nowak, And Hannah, JJ.

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.

BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered January 26, 2023. The judgment convicted defendant, upon a plea of guilty, of criminal sale of a controlled substance in the third degree.

[*1]

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39), defendant contends that he was denied effective assistance of counsel based on his attorney's failure to file an application requesting judicial diversion to a substance abuse treatment program pursuant to CPL 216.05. Even assuming, arguendo, that defendant's contention survives his guilty plea (see People v Clark, 191 AD3d 1485, 1486 [4th Dept 2021], lv denied 37 NY3d 954 [2021]; People v Glowacki, 159 AD3d 1585, 1586 [4th Dept 2018], lv denied 31 NY3d 1117 [2018]), we reject that contention inasmuch as "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005]).

Entered: May 1, 2026

Ann Dillon Flynn

Clerk of the Court